*986 Young, J.,
concurring in part, dissenting in part:
Although I concur with my colleagues’ conclusion to affirm Chambers’ conviction, I dissent from their decision to vacate his death sentence to life without the possibility of parole.
The majority relies on Biondi v. State, 101 Nev. 252, 699 P.2d 1062 (1985), and Haynes v. State, 103 Nev. 309, 739 P.2d 497 (1987), to support its conclusion that the death sentence is excessive and does not support the aggravating factor of torture. However, it does not appear that Biondi or Haynes controls the instant matter.
In Biondi, the defendant was convicted of first-degree murder and sentenced to death after stabbing the victim once in the chest. Although this court did mention that the defendant was drunk at the time of the killing, the basis for vacating the death sentence was the disparity in sentencing between Biondi and his codefend-ant. Biondi, 101 Nev. at 259, 699 P.2d at 1066-67. This court stated,
Even more strikingly significant, however, is the comparison between Biondi, who was sentenced to death, and codefend-ant Phillips, who was sentenced to life in prison with the possibility of parole, for the very same crime. . . . This is a case where similar defendants were sentenced differently for the identical crime. For this reason, and for the reasons discussed above, we hold the death penalty imposed on Biondi is disproportionate.
Id. at 259-60, 699 P.2d at 1067 (emphasis in original).
Here, Chambers acted alone. Thus, there was no codefendant to whom we may look for disparate treatment. As for Chambers being intoxicated at the time of the killing, this court has stated that once a defendant has been convicted of the crimes charged, “it is not for this Court to diminish [] punishment because of a . . . defendant’s mental deficiencies.” Ford v. State, 102 Nev. 126, 137, 717 P.2d 27, 35 (1986).
In Haynes, the defendant, a mentally disturbed homeless person who had been in and out of mental institutions, was convicted of first-degree murder and sentenced to death after striking the victim twice on the back of the head with an iron pipe. Haynes, 103 Nev. at 311, 314, 739 P.2d at 498, 500. In vacating the death sentence to life without the possibility of parole, this court characterized the murder as a “ ‘crazy,’ motiveless killing.” Id. at 319, 739 P.2d at 503.
In contrast, Chambers was not mentally disturbed at the time of the killing; he was simply drunk. However, when he discovered his cooking knives were being used by Chacon to burn *987 heroin, Chambers proceeded to stab Chacon seventeen times.[1] One of the investigating officers described the bathroom where Chacon’s body was found as “one of the bloodiest crime scenes I’ve ever been involved with.” Although the majority characterizes many of Chacon’s stab wounds as “superficial,” the examining pathologist testified that each of these superficial wounds penetrated at least three inches into Chacon’s body. This evidence supports the jury’s conclusion that Chambers did not act in self-defense. Simply stated, the evidence demonstrates that Chambers acted in a ferocious murderous rage.
Therefore, I conclude, as did the jury, that seventeen stab wounds amounted to torture. Moreover, under the facts and circumstances of this case, I cannot agree with my colleagues’ holding that the death penalty is excessive. See Jones v. State, 113 Nev. 454, 473, 937 P.2d 55, 67 (1997) (death penalty held not excessive where victim was stabbed thirty-five times); Leonard v. State, 108 Nev. 79, 83, 824 P.2d 287, 290 (1992) (death penalty held not excessive where victim was stabbed twenty-one times).
Accordingly, I would affirm the sentence of death.

 I note that the defendants in Biondi and Haynes inflicted only one and two blows to their victims, respectively.